**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| YOLUNDUS MURRIEL<br><br>    Plaintiff,<br><br>vs.<br><br>JOHNSON & JOHNSON, JANSSEN, BAYER<br><br>    Defendants. | Civil Action No. 2019-CV-02810 |

**NOTICE OF REMOVAL**

Defendants Bayer HealthCare Pharmaceuticals Inc.[1], incorrectly named as "Bayer," Janssen Pharmaceuticals, Inc., incorrectly named as "Janssen," and Johnson & Johnson (collectively, the "Removing Defendants"), pursuant to 28 U.S.C. §§ 1441 and 1446, file this Notice of Removal of this action from the District Court of El Paso County, Colorado, where it is currently pending, to the United States District Court for the District of Colorado. As is addressed below, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the parties, and it is plain from the allegations in the Complaint that Plaintiff demands more than $75,000 for her alleged injuries. (included as Exhibit 1). In support of this removal, Removing Defendants state as follows:

---

[1] Defendant Bayer HealthCare Pharmaceuticals Inc., incorrectly named as "Bayer" has not yet been served with process in this action. Bayer HealthCare Pharmaceuticals Inc. is uncertain if Plaintiff has attempted to serve it with process, and Plaintiff's Complaint lists an incorrect address for service of process. Out of an abundance of caution and without entering a general appearance or waiving service or any other rights or defenses, Bayer HealthCare Pharmaceuticals Inc. joins in this Notice of Removal.

## INTRODUCTION

1. Plaintiff Vicki Yolundus Murriel initiated this action on August 26, 2019 by filing a Complaint in the District Court of El Paso County, Colorado. The state-court action is Case No. 19CV285. Copies of all pleadings, processes, and orders in the state-court action are attached hereto.

2. In the Complaint, Plaintiff alleges that Decedent Bertha Mae Barnes's death was caused by her ingestion of the prescription drug Xarelto®. *See* Complaint, Exhibit 1, at 4-6. Removing Defendants deny Plaintiff's allegations.

3. This is one of many product-liability lawsuits filed in federal and state courts around the country concerning Xarelto®, a pharmaceutical product used to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation, treat deep vein thrombosis ("DVT") and pulmonary embolism ("PE"), reduce the risk of recurrence of DVT and/or PE after completion of initial treatment lasting at least 6 months, prevent DVT, which may lead to PE in patients undergoing hip- and knee-replacement surgery, and in combination with aspirin, to reduce the risk of major cardiovascular events (cardiovascular (CV) death, myocardial infarction (MI) and stroke) in patients with chronic coronary artery disease (CAD) or peripheral artery disease (PAD). On December 12, 2014, the Judicial Panel on Multidistrict Litigation concluded that centralization in a single federal-court forum was appropriate for these claims and issued an order establishing MDL Proceeding No. 2592, captioned *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, in the Eastern District of Louisiana. The MDL is for federal actions involving "allegations that plaintiffs suffered severe bleeding or other injuries as a result of taking Xarelto." JPML Transfer Order at 3 (attached as Exhibit 5). There are now

thousands of actions pending in, or being transferred to, the MDL. Removing Defendants will seek the inclusion of this action in the MDL.

**GROUNDS FOR REMOVAL**

4. This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1) and 1332(a)(2). There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

    **A.    There Is Complete Diversity Of Citizenship Between The Parties.**

5. Upon information and belief, at the time Plaintiff commenced this action, and at all times since, Plaintiff was and is a resident and citizen of Colorado. *See* District Court Civil Summons, Exhibit 2 at 1 (noting Ms. Murriel's residence in Colorado Springs, Colorado). Upon information and belief, at the time of her death, Decedent Bertha Mae Barnes was a citizen of Colorado. *See, e.g.*, University of Colorado Medical Records Appended to Complaint (documenting Decedent's treatment at the University of Colorado).[2]

6. At the time Plaintiff commenced this civil action, and at all times since, Defendant Janssen Pharmaceuticals, Inc. was and is a Pennsylvania corporation with its principal place of business in New Jersey. Accordingly, Janssen Pharmaceuticals, Inc. is a citizen of Pennsylvania and New Jersey for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c) (for the purposes of determining citizenship, "a corporation shall be deemed to be a citizen of

---

[2] To preserve Ms. Barnes's privacy, Defendants have not attached medical records to this public filing. If the Court requires further proof on this issue, Defendants can provide the records in a sealed filing.

every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

7. At the time Plaintiff commenced this civil action, and at all times since, Defendant Johnson & Johnson was and is a New Jersey corporation with its principal place of business in New Jersey. Accordingly, Johnson & Johnson is a citizen of New Jersey for the purposes of diversity jurisdiction. *See id.*

8. At the time Plaintiff commenced this civil action, and at all times since, Defendant Bayer HealthCare Pharmaceuticals Inc., incorrectly named as "Bayer," was and is a Delaware corporation with its principal place of business in New Jersey. Accordingly, Bayer HealthCare Pharmaceuticals Inc. is a citizen of Delaware and New Jersey for the purposes of diversity jurisdiction. *See id.*

9. This action involves "citizens of different States." 28 U.S.C. § 1332(a)(1). Upon information and belief, Plaintiff is a citizen of Colorado. Upon information and belief, Decedent was a citizen of Colorado. All Defendants are citizens of states other than Colorado. Given that none of the Defendants are citizens of the State of Colorado, removal of this action is proper under 28 U.S.C. § 1441(b).

**B. The Amount-In-Controversy Requirement Is Satisfied.**

10. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case even though Plaintiff has not made a specific demand because, "by the preponderance of the evidence," it is clear from the face of Plaintiff's Complaint "that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(b); *see also* 28 U.S.C. § 1332(a).

11. Satisfaction of the amount in controversy requirement is established, first, by Plaintiff's representation in the Civil Cover Sheet filed in the state-court action that the amount in controversy in this action exceeds $100,000, exclusive of interest and costs. Exhibit 3 at 1; *see Paros v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) (finding that receipt of a Civil Cover Sheet asserting damages greater than $100,000 initiated removal deadline because "we see no reason not to credit an assertion by an officer of the court on a matter of significant consequences in the state preceding").

12. Additionally, Plaintiff alleges that that Decedent Bertha Mae Barnes' death was caused by her ingestion of the prescription drug Xarelto. Complaint at 4-6. Plaintiff seeks recovery for compensatory and punitive damages. *Id.* at 6. It is clear from these serious allegations that Plaintiff seeks recovery in excess of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2).

13. A removing defendant can satisfy the amount-in-controversy requirement by proving by a preponderance of the evidence that the plaintiff's claims may exceed $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). The removing defendant "may rely on an estimate of the potential damages from the allegations in the complaint." *Id.* at 955. Once the removing defendant has established the requisite "jurisdictional facts," the plaintiff must prove that it is "legally certain that less than $75,000 is at stake" to keep the case out of federal court. *Id.* at 954 (internal quotations omitted). The "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

14. Courts in this district have concluded that diversity jurisdiction lies where plaintiffs allege serious and permanent injuries similar to those alleged by Plaintiff here. *See, e.g., Sheckelford v. U.S. Beef Corp.*, No. 14-cv-01856MJW, 2015 WL 996384, at *2 (D. Colo. Mar. 3, 2015) (concluding that amount in controversy requirement was met where plaintiff sought damages for "serious injuries" resulting from a fall at a restaurant).

15. Here, Plaintiff alleges that Decedent Bertha Mae Barnes's death was caused by her ingestion of the prescription drug Xarelto and Plaintiff states that there is more than $100,000 in controversy in this action.[3] As such, Plaintiff's Civil Cover Sheet, as well as the serious allegations in her Complaint, establish that the amount in controversy in this action plainly exceeds the $75,000 minimum, exclusive of interests and costs. *See* 28 U.S.C. § 1446(c)(2).

    **C.    The Other Prerequisites For Removal Have Been Satisfied.**

16. In addition to satisfying the requirements of diversity jurisdiction, Removing Defendants have satisfied all other requirements for removal.

17. Removal is timely because less than 30 days have passed since service of the Summons and Complaint on Removing Defendants. *See* Summons, included in Exhibit 2. Plaintiff served Janssen Pharmaceuticals, Inc. and Johnson & Johnson on September 11, 2019. Upon information and belief, Bayer HealthCare Pharmaceuticals Inc. has not been served with process in this action.

18. In accordance with 28 U.S.C. § 1446(a), Removing Defendants attach hereto a copy of all state-court pleadings, including the Complaint. *See* Exhibits 1-4.

---

[3] Medical records attached to Plaintiff's Complaint indicate that Mrs. Barnes was not actually taking Xarelto at the time of her death, although the amount in controversy for purposes of removal is based on Plaintiff's allegations, even if without merit.

19.     Removing Defendants jointly file this Notice of Removal, and consent from any remaining unserved defendants is not required.  *See* 28 U.S.C. § 1446(b)(2)(A).

20.     Venue for removal is proper in this District and division, *see* 28 U.S.C. § 1441(a)(2), because this District and division embrace the District Court of El Paso County, Colorado, the forum in which the removed action was pending, *see* 28 U.S.C. § 85.

21.     No defendant is a citizen of the State of Colorado, the State where this action was brought.  *See* 28 U.S.C. § 1441(b).

22.     In accordance with 28 U.S.C. § 1446(d), Removing Defendants will promptly provide written notice of the filing of this Notice of Removal to the Plaintiff and file a copy of this Notice along with a Notice of Filing Notice of Removal with the Clerk of the District Court of El Paso County, Colorado, where this action is currently pending.

WHEREFORE, Removing Defendants give notice that the matter bearing Case No. 19CV285 in the District Court of El Paso County, Colorado, is removed to the United States District Court for the District of Colorado, and requests that this Court retain jurisdiction for all further proceedings in this matter.

Dated: October 1, 2019					Respectfully submitted,

*s/ Andrew H. Myers*
Andrew H. Myers (#34288)
Wheeler Trigg O'Donnell LLP
370 Seventeenth St., Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: myers@wtotrial.com

Attorneys for Bayer HealthCare
 Pharmaceuticals Inc.


*s/ D. Alexander Harrell*
D. Alexander Harrell
CO Bar No. 49683
DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
Telephone:     469.357.2500
Facsimile:     469.327.0860
Email: alex.harrell@dbr.com

Attorneys for Johnson & Johnson, and
Janssen Pharmaceuticals, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

None

and I hereby certify that I sent the attached document by United States Mail, postage prepaid, to the following non-ECF registrants:

Yolundus Murriel
3116 Wellshire Blvd.
Colorado Springs, CO 80910
(719) 287-0321

and I hereby certify that I sent the attached document via electronic mail, to the following non-ECF registrants:

- **D. Alexander Harrell**
  alex.harrell@dbr.com

*s/ Andrew H. Myers*
Andrew H. Myers